**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIPE REIS-ASSUNCAO DOS SANTOS,** <br> **Petitioner,** <br><br> **v.** <br><br> **J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al.,** <br> **Respondents.** | : | **Civ. No. 26-8044** |

---

**O R D E R**

Felipe Reis-Assuncao Dos Santos petitions for habeas relief, urging that his immigration detention violates 8 U.S.C. § 1226(a) and its implementing regulations, the Fifth Amendment's Due Process Clause, and the Accardi doctrine. (Doc. No. 1); U.S. CONST. amend. V; United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954). He asks me to order his release or, alternatively, a bond hearing. (Doc. No. 1 at 24–25.) The Government opposes, and Petitioner has replied. (Doc. Nos. 4, 5.) I will grant the Petition in part and order a bond hearing.

Reis-Assuncao Dos Santos, a citizen of Brazil, entered the United States illegally in September 2021. (Doc. No. 1 ¶ 19.) DHS officers apprehended him shortly after his entry and then released him. (Id. ¶ 20.) He has applied for asylum, and his next immigration court hearing is scheduled for April 27, 2028. (Id. ¶ 22.) On October 19, 2026, ICE arrested Petitioner when he appeared for a scheduled check-in, telling him that he was being re-detained because his immigration court hearing was too far in the future. (Id. ¶ 23.) ICE served Petitioner with an administrative arrest warrant and an I-286 Form stating that he would be detained pending a final determination in his case. (Doc. Nos. 4-1, 4-3.) ICE's I-213 Form records that Petitioner "was taken into custody due to the availability of bed space." (Doc. No. 4-2 at 4.) Through the I-286

Form, Petitioner requested that an Immigration Judge review ICE's custody determination. (Doc. No. 4-1.) No bond hearing has been scheduled. (Doc. No. 4 at 10; Doc. No. 5 at 4.)

The Parties agree that ICE has detained Petitioner under § 1226(a). (Doc. No. 1 ¶ 25; Doc. No. 4 at 3); cf. Buele Morocho v. Warden Phila. FDC, 189 F.4th 287 (3d Cir. 2026). Petitioner urges that ICE violated the statute, its regulations, and due process by re-detaining him without first making an individualized custody determination or finding that his circumstances had materially changed since his release. (Doc. No. 1 ¶¶ 66–80.) The Government responds that Petitioner must first pursue the bond hearing he has requested. (Doc. No. 4 at 8–11.) I agree with the Government.

Petitioner argues that exhaustion would be futile because an Immigration Judge may not adjudicate constitutional claims. (Doc. No. 1 ¶¶ 54–65; Doc. No. 5 at 2–5.) Yet Petitioner seeks release, and an Immigration Judge may order precisely that relief if Petitioner shows that he is neither dangerous nor a flight risk. 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(c)(8). Moreover, neither § 1226(a) nor its regulations require ICE to make a custody determination before re-arresting a noncitizen it has released. To the contrary, ICE "at any time may revoke" a noncitizen's release, "rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b); see 8 C.F.R. § 1236.1(c)(9). That ICE detained Petitioner because bed space was available does not alter this result. The bond hearing will provide "precisely the sort of individualized assessment that he seeks." Beradze v. Jamison, No. 26-7111, 2026 WL 2859721, at *1 (E.D. Pa. Sept. 23, 2026). Petitioner thus "must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court." Ubaid v. Jamison, No. 26-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026).

Petitioner requested a bond hearing on October 19, 2026, however, and none has been scheduled. (Doc. No. 4-1; Doc. No. 4 at 10.) Section 1226(a) and its regulations contemplate a "prompt bond hearing." Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018). In these circumstances, I will deny Petitioner's request for release and order Respondents to provide him with a bond hearing before an Immigration Judge before November 6, 2026.

* * *

**AND NOW**, this 28th day of October 2026, it is hereby **ORDERED** that the Petition (Doc. No. 1) is **GRANTED in part** and **DENIED in part** as follows:

1. **On or before November 6, 2026,** Respondents shall provide Petitioner with an individualized bond hearing before an Immigration Judge, in accordance with 8 U.S.C. § 1226(a);
2. Should the Immigration Judge deny bond, Respondents shall provide Petitioner the opportunity to appeal to the Board of Immigration Appeals; and
3. The Petition is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

**Paul S. Diamond, J.**